# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-84V
### Filed: July 29, 2024
UNPUBLISHED

|  |  |
|---|---|
| JUSTIN BURROUGHS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*John Robert Howie, Jr. Howie Law, P.C., Dallas, TX, for petitioner.*
*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On January 5, 2021, Justin Burroughs, petitioner, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").  Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on December 23, 2019.  (ECF No. 1.)

On May 21, 2024, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA.  On July 29, 2024, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $72,500.00.  (ECF No. 58.)  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $72,500.00 in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**


**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| JUSTIN BURROUGHS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>Respondent. | No. 21-84<br>Special Master Horner<br>ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.       Procedural History**

On January 5, 2021, Justin Burroughs ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on December 23, 2019, he suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* Petition. On November 29, 2022, respondent filed his Vaccine Rule 4(c) report, recommending that compensation be denied. ECF No. 29. Expert reports were filed by both parties, followed by briefing regarding a ruling on the record. On May 21, 2024, Special Master Horner issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury. ECF No. 54.

**II.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

a lump sum of **$72,500.00,** for all damages.[2]  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Special Master's decision and the Court's judgment award the following: A lump sum payment of **$72,500.00** in the form of a check payable to petitioner.[3]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2] The parties have no objection to the amount of the proffered award of damages.  Assuming the special master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's May 21, 2024 entitlement decision.

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

s/Katherine C. Esposito
Katherine C. Esposito
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-3774
katherine.esposito@usdoj.gov

Dated: July 29, 2024

3